Filed 3/15/23  P. v. Cable CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096095 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CF02345, 20CF06034, 21CF03808) |
| v. | |
| SETH DANIEL CABLE, | |
| Defendant and Appellant. | |

Following three separate plea agreements, defendant Seth Daniel Cable was convicted of five counts of fraudulent possession of personal identifying information with a prior qualifying conviction and two counts of possession of methamphetamine while in custody.  The trial court sentenced defendant on all three cases imposing consecutive terms, totaling eight years four months.  Defendant appeals, challenging the imposition of an upper term sentence for the principal term of possession of methamphetamine while in custody.  We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2020, defendant was charged with 18 counts of fraudulent possession of personal identifying information with a prior qualifying conviction and one count of possession of methamphetamine. Defendant entered a plea of no contest for five of the fraudulent possession counts and the remaining counts were dismissed. The trial court sentenced defendant to five years eight months.

On December 2, 2020, defendant was charged with possession of methamphetamine while in custody. Defendant entered a plea of no contest and filed a motion to relieve the public defender and represent himself. The trial court granted defendant's motion. Subsequently, the trial court sentenced defendant to the upper term of four years.

On July 26, 2021, defendant was charged for a second time with possession of methamphetamine while in custody, and he later entered a plea of no contest. By the court's recommendation, defendant was appointed new counsel on October 13, 2021.

On March 9, 2022, the trial court resentenced defendant on all cases. It designated defendant's first possession of methamphetamine while in custody conviction as the principal term and imposed the upper term of four years. The trial court selected the upper term based on defendant's prior conviction as an adult and prior prison term, which were summarized in defendant's probation report after the probation officer consulted certified records. It then imposed a consecutive one-third the midterm (eight months) for each of the five counts of fraudulent possession of personal identifying information and a consecutive one-third the midterm (one year) for defendant's second conviction of possession of methamphetamine while in custody. Defendant did not object during the trial court's oral pronouncement of sentence.

Defendant appeals.

## DISCUSSION

Defendant argues his four-year sentence for possession of methamphetamine while in custody should be reduced to the midterm sentence because the aggravating factors relied on by the trial court were not proven by certified records as required by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3). He contends his claim is not forfeited because at the time of his full resentencing the law regarding what constituted a certified record was unsettled. We disagree.

"[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) For the forfeiture doctrine to apply, there must be a meaningful opportunity to object to sentencing errors of the trial court at the time the errors are committed. (*Ibid*.) "This opportunity occurs only if, during the course of the sentencing hearing itself and before objections are made, the parties are clearly apprised of the sentence the court intends to impose and the reasons that support any discretionary choices." (*Ibid*.)

Here, defendant challenges the trial court's imposition of the upper term sentence rather than the midterm sentence, arguing the trial court improperly relied on aggravating factors. This is a challenge to the trial court's discretionary ruling, subject to forfeiture if not raised in the trial court, as explained in *Scott*. (*People v. Scott*, *supra*, 9 Cal.4th at p. 356.) Further, at the resentencing, the trial court delineated the terms imposed for defendant's combined sentence and explained its reasoning for choosing the upper term sentence for the principal possession of methamphetamine conviction. Defendant was apprised of the sentence and had multiple opportunities to object but failed to do so.[1] Thus, the issue was forfeited.

---

[1] Defendant does not argue his counsel was ineffective, and thus we will not address the issue.

Defendant argues forfeiture should be excused in this case because there was unsettled law regarding how courts may use probation reports when weighing factors under Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3). (Citing *People v. Zabelle* (2022) 80 Cal.App.5th 1098; *People v. Flores* (2022) 75 Cal.App.5th 495.) Defendant also relies on the fact that Senate Bill No. 567 had been recently enacted when his resentencing occurred. We do not accept these arguments. Senate Bill No. 567 was effective on January 1, 2022, months before defendant's resentencing. And contrary to defendant's contention, probation reports have never been considered certified records for purposes of Senate Bill No. 567. (*Flores*, at pp. 500-501 [holding it was harmless error for the trial court to rely on a defendant's probation report during sentencing].) Thus, even under the case law existing at the time of defendant's resentencing, his objection would have been well taken. Despite the recent effective date of Senate Bill No. 567, it was defendant's obligation to stay informed of current law and raise in the trial court the issue he now raises on appeal. Accordingly, defendant's sentencing claim is forfeited, and we will not discuss the merits of his argument.

## DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
HULL, J.

/s/
EARL, J.

5